## (January 22, 1941.)

EARL WOODWARD, Appellant, v. HENRY C. PHIPPS and RICHARD MALLON, Respondents. (Action No. 1.)

KATHERINE WOODWARD, Appellant, v. HENRY C. PHIPPS and RICHARD MALLON, Respondents. (Action No. 2.)

KATE COTHERMAN, Plaintiff, v. HENRY C. PHIPPS and RICHARD MALLON, Defendants. (Action No. 3.)

In another action arising out of the same accident the plaintiff Kate Cotherman recovered a judgment of $750 against the defendants. No appeal was taken in that action.

The accident happened at the intersection of the Federal highway and Eleventh street in the city of Lake Worth, Fla. Defendants' car was proceeding north on the Federal highway. Plaintiffs' car was being driven east on Eleventh street, a stop street, so called. Plaintiffs' car was owned by the plaintiff Earl Woodward, and operated by the plaintiff Katherine Woodward. Her mother was a passenger. Defendants' car was owned by the defendant Phipps and was driven by his chauffeur, the defendant Mallon.

There was evidence that the defendants' car was being driven at an excessive rate of speed. There was also evidence that plaintiffs' car was not stopped before it entered the intersection, and testimony from which the inference might be drawn that the driver of plaintiffs' car did not otherwise exercise due caution at a crossing she knew to be dangerous.

Error is claimed because the trial court excluded a certificate of conviction of the defendant Mallon in the City Court at Lake Worth, for violating an ordinance of the city by reckless driving, after he had denied the same.

Judgments and orders should be reversed on the law and facts and new trial granted, with costs to the appellants to abide the event, upon the ground that the trial court erred in refusing to admit in evidence the certificate of conviction of the defendant Mallon. In the face of Mallon's denial of such conviction, the certificate was competent as bearing upon his credibility. Also the verdict was against the weight of the credible evidence.

Judgments and orders reversed on the law and facts and new trial granted, with costs to appellants to abide the event.

Crapser, Bliss and Heffernan, JJ., concur; Foster, J., dissents, in an opinion in which Hill, P. J., concurs.

FOSTER, J. (dissenting). I dissent. Plaintiffs Earl Woodward and Katherine Woodward appeal from separate judgments which dismissed their complaints, and were entered upon the verdict of a jury in the Warren county clerk's office on the 11th day of February, 1939; and, also, from orders denying their motions for a new trial. In another action arising out of the same accident the plaintiff Kate Cotherman recovered a judgment of $750 against the defendants. No appeal was taken in that action.

The accident happened at the intersection of the Federal highway and Eleventh street in the city of Lake Worth, Fla. Defendants' car was proceeding north on the Federal highway. Plaintiffs' car was being driven east on Eleventh street, a stop street, so called. Plaintiffs' car was owned by the plaintiff Earl Woodward, and operated by the plaintiff Katherine Woodward. Her mother was a passenger. Defendants' car was owned by the defendant Phipps, and was driven by his chauffeur, the defendant Mallon.

There was evidence that the defendants' car was being driven at an excessive rate of speed under the circumstances. There was also evidence that plaintiffs' car was not stopped before it entered the intersection, and testimony from which

the inference might be drawn that the driver of plaintiffs' car did not otherwise exercise due caution at a crossing she knew to be dangerous. The jury evidently found both drivers guilty of negligence. This finding was not against the weight of evidence.

Error is claimed because the trial court excluded evidence of a conviction against the defendant Mallon, found in the City Court at Lake Worth, for violating an ordinance of the city by reckless driving, after he had denied the same. The papers offered, which state conclusions only, indicate that Mallon was convicted after a trial and not upon a plea of guilty. The conviction was admissible in any event only as to his credibility, and then only, under the laws of this State, if it charged more than a traffic infraction. The information and certificate of conviction indicate the violation of a city ordinance, and, although the term "reckless" driving is used, we cannot assume from the proof before us that the offense of which Mallon was convicted is comparable to the crime of reckless driving as defined by a general statute of this State. (Vehicle and Traffic Law, § 58.) But even if it be assumed that error was committed by such exclusion, such error does not require a reversal. There was testimony other than that of Mallon to support the finding of the jury that the driver of plaintiffs' car was guilty of contributory negligence.

Judgments and orders appealed from should be affirmed, with costs.

Hill, P. J., concurs with Foster, J.